IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | )  No. |
| v. | ) |
| | ) |
| CARDINAL GLASS COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Starr Indemnity & Liability Company ("SILC"), by and through its undersigned counsel, for its Complaint against Defendant Cardinal Glass Company ("Cardinal"), states as follows:

## PARTIES

1. SILC is a property and casualty insurance company incorporated in the State of Texas, which maintains its main administrative office at 399 Park Avenue, New York, New York. SILC is authorized to do business and does business in the State of Illinois.

2. Defendant is a corporation duly organized and existing under the laws of the State of Illinois with a principal place of business at 1087 Research Parkway, Rockford, Illinois.

## JURISDCITION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over the Defendant pursuant to 735 ILCS 5/2-209(b)(3) because the defendant is an Illinois corporation.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1) because the Defendant maintains its principal place of business in this district.

## GENERAL ALLEGATIONS

6. At the specific instance and request of Defendant, SILC issued a workers' compensation insurance policy, under policy number 100 0001157, which covered the time period April 1, 2013 to April 1, 2014 (the "Policy").

7. The Policy is an insurance contract which provides, in exchange for payment of premiums, insurance coverage for liabilities of Defendant under the workers' compensation statutes of various states, including Illinois.

8. Pursuant to the terms of the Policy, the initial premium was based on information submitted by Defendant and/or its insurance broker regarding Defendant's estimated payroll for the effective dates of coverage.

9. Since the initial premium is based on estimated information, the Policy is subject to audit based on the actual payroll during the effective dates of coverage. The audit can result in additional or return premiums.

10. Various state laws under which workers' compensation claims may be asserted against the Policy require SILC to impose surcharges on policies of workers' compensation insurance.

11. On or about October 3, 2014, SILC performed an audit of Defendant's books and records.

12. The sum total of premiums and surcharges, including the audit premiums, for the Policy is $402,758.00.

13. Defendant remitted $276,203.00 for premiums and surcharges for the Policy.

14. Defendant, therefore, remains indebted to Plaintiff in the amount of $126,555.00 ($402,758.00 - $276,203.00) for the Policy.

15. SILC issued invoices and demands for payment for the outstanding premium to Defendant in a timely fashion.

16. Defendant has failed, refused and continues to refuse to remit payment of the $126,555.00 owed to SILC pursuant to the terms of the Policy.

17. SILC has repeatedly demanded payment of the $126,555.00 owed by Defendant to SILC and attempted to collect same without success.

18. Defendant has failed, refused, and continues to refuse to pay the balance due and owing to SILC, thereby resulting in damages to Plaintiff in the amount of $126,555.00.

COUNT I
(Breach of Contract)

19. Plaintiff incorporates by reference paragraphs 1 through 18, as if fully set forth herein.

20. Defendant agreed to remit payment of premiums and surcharges, including audit premiums, in consideration for SILC's provision of insurance coverage to Defendant.

21. SILC has fulfilled its contractual obligations and provided the insurance coverage afforded by the Policy.

22. Defendant has failed and refused to pay the premium for the Policy although due demand has been made therefor.

23. Through its refusal to remit payment, Defendant has breached the contract between the parties, i.e., the Policy.

24. As a result of Defendant's breach of the insurance contracts, SILC has suffered damages in the amount of $126,555.00, plus interest, and costs.

## COUNT II
### (Unjust Enrichment)

25. Plaintiff incorporates by reference paragraphs 1 through 18, as if fully set forth herein.

26. SILC provided insurance coverage and related services to Defendant for which Defendant has refused to pay.

27. Defendant has been unjustly enriched by the receipt of such coverage and services to

    SILC's detriment.

28. SILC has repeatedly demanded that Defendant remit payment of the amount due and owing.

29. Defendant has failed, refused and continues to refuse to pay the balance due and owing to SILC, thereby resulting in damages to SILC in the amount of $126,555.00, plus interest, and costs.

## COUNT III
### (Account Stated)

30. Plaintiff incorporates by reference paragraphs 1 through 17, as if fully set forth herein.

31. Defendant, being indebted to SILC upon an account stated between them, and having acknowledged such debt, promised to pay SILC upon demand.

32. SILC has repeatedly demanded that Defendant remit payment for the amounts owed by Defendant to SILC. Defendant, however, has failed and refused to remit payment.

33. Defendant's failure and refusal to pay the acknowledged $126,555.00 balance due and owing to SILC has caused SILC to suffer damages in the amount of $126,555.00, plus interest, and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Starr Indemnity & Liability Company prays for the entry of a judgment in its favor and against Defendant Cardinal Glass Company in the amount of $126,555.00, together with costs, interest and other damages as may be allowed by law.

        Respectfully Submitted,

        _/s/ Ross M. Chinitz_
        Ross M. Chinitz
        Attorney for Plaintiff

Ross M. Chinitz, Esq. (2513182)
445 Park Avenue, 5th Floor
New York, NY 10022
Tel.: 646-227-6409
Fax: 631-685-4274
Ross.chinitz@starrcompanies.com